UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL R. DAMERVILLE,

Petitioner,

v.

ROB MUNDT, Warden,

Respondent.

Civil No. 01-1073 (PAM/JGL)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1993, Petitioner pleaded guilty in the U.S. District Court for the Western District of Wisconsin to a charge of conspiracy to possess with intent to deliver marijuana. He was sentenced to 77 months in prison, to be followed by four years of supervised release.

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED 6-21-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(Petition, [Docket No. 1], p. 2, ¶s 1-7.) He is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.[2]

Petitioner's conviction and sentence were affirmed on direct appeal by the Seventh Circuit Court of Appeals. United States v. Damerville, 27 F.3d 254 (7th Cir.), cert. denied, 513 U.S. 972 (1994). In 1997, Petitioner challenged the legality of his sentence by filing a motion in the trial court, seeking relief under 28 U.S.C. § 2255. Citing United States v. LaBonte, 520 U.S. 751, 754 n. 1 (1997), Petitioner claimed that he was denied due process at sentencing. The district court rejected Petitioner's argument, and denied his § 2255 motion on the merits. Petitioner then took a second appeal to the Seventh Circuit, which also rejected Petitioner's § 2255 claim on the merits. United States v. Damerville, 197 F.3d 287 (7th Cir. 1999) (per curiam), cert. denied, 529 U.S. 1136 (2000).

Thereafter, Petitioner returned to the trial court with "a petition for writ of audita querela or, in the alternative, for Relief from Judgment under Rule 60(b)." ("Brief In Support Of Petition For Writ Of Habeas Corpus," [Docket No. 2], p.3.) The trial court construed Petitioner's submission as a second § 2255 motion, and refused to consider it without pre-authorization from the Seventh Circuit Court of Appeals. See 28 U.S.C. § 2255 [¶ 8] (second or successive § 2255 motions cannot be entertained without pre-approval from the appropriate court of appeals). Petitioner next sought permission to file a second

---

[2] The Court notes that if Petitioner's 77-month sentence was imposed in September 1993, (as indicated by his petition), and if he began serving his sentence shortly thereafter, then he should have been out of prison by now. The petition does not explain why he is still incarcerated, but it could be that he was serving some other sentence when he was convicted of the offense at issue here, and he was ordered to serve his current sentence consecutively to the earlier one.

§ 2255 motion by applying to the Seventh Circuit for a writ of mandamus; but that application was denied.

In his current petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner is once again seeking review of his 77-month prison sentence. In fact, he candidly acknowledges that he is re-raising the very same LaBonte claim that was previously rejected on the merits by both the U.S. District Court for the Western District of Wisconsin and the Seventh Circuit Court of Appeals, (and which the United States Supreme Court refused to consider by writ of certiorari). For the reasons discussed below, the Court concludes that Petitioner's latest collateral challenge to his sentence cannot be entertained here.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No other court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy

provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is specifically challenging the legality of the sentence imposed by the trial court. Therefore, his § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless he can show that § 2255 is an "inadequate or ineffective" remedy.

Petitioner contends that he is eligible for the inadequate-or-ineffective-remedy exception, because he has already raised his LaBonte claim in a § 2255 motion, and his motion was denied by the trial court, and on appeal. According to Petitioner's reasoning, § 2255 must be viewed as an inadequate or ineffective remedy, because it did not afford him the relief he was seeking. Such reasoning, however, is clearly fallacious.

Two Seventh Circuit Court of Appeals' opinions on this subject are worth quoting at length, because they are so directly applicable to the present case.

In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's argument that his § 2255 motion was inadequate and ineffective is based upon a mistaken interpretation of that section. Petitioner would have the section read that an application for a writ of habeas corpus shall not be entertained unless it appears 'that the remedy by motion is inadequate or ineffective.' This reading overlooks the fact that the inadequacy or ineffectiveness must relate specifically to a procedural deficiency in 'test[ing] the legality of his detention.'
>
> Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device.

True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention." (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert. denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [sentencing] court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.' If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted § 2255."[3]

Our Court of Appeals has agreed that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations

---

[3] See also, Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969) ("[a] federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the section 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous section 2255 petition was unsuccessful"); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam) (same).

omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he believes his prior § 2255 motion was wrongly denied.

In short, § 2255 provided Petitioner with an entirely adequate and effective procedure for testing the legality of his sentence. Therefore, habeas corpus relief is not available under § 2241 for the claims raised here, and the instant petition must be summarily dismissed.[4]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[4] Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 3), be DENIED; and

2. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITH PREJUDICE.

Dated: June 21, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 10, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.